COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
CHARLES R. COHEN, ESQ.
Park 80 West - Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Our File # 38164-0
*Attorneys for Plaintiff*
*Bethel Nutritional Consulting, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| BETHEL NUTRITIONAL CONSULTING, INC.,<br><br>   Plaintiff<br><br>v.<br><br>JONATHAN GROPPER and VORTECH WEB AND BUSINESS SOLUTIONS LLC;<br>   Defendant. | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>Electronically Filed Document |

---

Plaintiff BETHEL NUTRITIONAL CONSULTING, INC. ("Plaintiff" or "Bethel"), maintaining its principal place of business at 599 W. 190th Street., Suite 1, New York City, New York 10040, for its Verified Complaint against defendants JONATHAN GROPPER ("Gropper") and  VORTECH WEB AND BUSINESS SOLUTIONS LLC ("Vortech") (referred to herein jointly as "Defendants"), alleges as follows:

## NATURE OF THE CASE

1.   This action arises out of Defendants' fraudulent use of Plaintiff's name and Internet domain, which they are exploiting to deceive Bethel's customers.  Defendants are engaging in the deceptive practice commonly known as "webpage spoofing" through

the operation of a fraudulent website at a domain that resembles the legitimate website and domain of Plaintiff, with the intention of misleading visitors into believing that the bogus website is created operated by Plaintiff. Defendants' egregious conduct is amplified by the fact that, as Plaintiff's former web developers, Defendants had prior access to Plaintiff's legitimate website and inside knowledge of Plaintiff's confidential business practices and operations, passwords, customer data base, etc.

2.   In addition to their hijacking of Bethel's domain and website, and the resulting confusion and deception encountered by both Bethel's existing customers and its potential customers, Defendants are collecting credit card and other confidential information from victims who interact with their bogus website believing they are dealing with Bethel. This unlawful and extremely damaging conduct is commonly known as "phishing" and typically involves a fraudulent attempt to acquire sensitive information (such as Internet user names, passwords and credit card details) by masquerading as a trustworthy website.

3.   Additionally, Defendants are infringing Bethel's trademark rights.

4.   Defendant's conduct complained of herein constitutes (i) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; (ii) trademark and service mark infringement, counterfeiting, and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the common law of New Jersey;

(iii) unfair competition under the common law of New Jersey and
N.J.S.A. § 56:4-1; and (iv) tortious interference with contract
and tortious interference with prospective economic advantage in
violation of New Jersey common law.  Bethel seeks an injunction,
damages and related relief.

### JURISDICTION AND VENUE

5.   This Court has jurisdiction over the subject matter of
Bethel's federal law claims pursuant to 28 U.S.C. §§ 1331, 1332
and 1338 and the United States statutes referenced above.

6.   There is complete diversity of citizenship between Plaintiff
is a New York corporation maintaining its principal place of
business in New York, Defendant Gropper is a resident of New
Jersey and Defendant Vortech is a New Jersey corporation
maintaining its principal place of business in New Jersey.

7.   The amount in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs.

8.   Supplemental jurisdiction over Bethel's state law claims
exists pursuant to 28 U.S.C. § 1367 and the principles of
supplemental jurisdiction.

9.   This Court has personal jurisdiction over Defendants because
Defendants are domiciled in and maintain offices in the State of
New Jersey.

10.  Venue is proper in this judicial district pursuant to 28
U.S.C. § 1391 because Defendants reside within this district and
a substantial part of the events or omissions giving rise to

3

Bethel's claims occurred in this district.

## PARTIES

11.  At all relevant times, Bethel was and is a New York corporation maintaining its principal place of business at 599 W. 190th Street., Suite 1, New York City, New York 10040.

12.  Gropper is an individual residing at 254B Everly Court, Mt. Laurel, New Jersey 08054.

13.  Vortech is a New Jersey corporation with its main office at 26 N. Maple Avenue, Marlton, New Jersey 08053.  Gropper is the Chief Executive Officer and registered agent of Vortech.

## BACKGROUND AND FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.  Bethel's Business and Intellectual Property

14.  Bethel is engaged in the sale of nutrition and weight loss products and diet plans over the Internet.  Bethel's customers are individuals from the across the United States of America, Canada, Mexico and various Caribbean countries.  Over the years, Bethel has come to enjoy a favorable reputation and substantial goodwill among its customers.

15.  Bethel uses a registered trademark in commerce to identify and distinguish itself and the various products and services it offers.  This mark is a silhouette of a person with a round head and upraised arms, encircled with the words "Bethel Nutritional Consulting."  ("the Bethel Mark.")  Bethel owns the Bethel Mark under US Trademark Registration No. 3,852,869 (**Exhibit "A."**)

16.  As a consequence of its promotion and use of the Bethel

4

Mark, Bethel has developed consumer recognition for the products and services it offers.  Bethel has also acquired and enjoys substantial goodwill, which the Bethel Mark symbolizes.  As a consequence, the Bethel Mark is well known among Bethel's past, current and prospective customers and others that operate in the industry in which Bethel operates.

### B.   Development of Bethel's Domain

17.   Defendants hold themselves out as specializing in Internet business strategies, such as website development, design, hosting and administration for businesses.  According to its website, Vortech represents that is "was founded on the principles of honesty, integrity, and innovation."

18.   Based upon Defendants' representations, in February of 2008, Bethel engaged Defendants to establish Bethel's domain www.bethels30weightloss.com and develop, design, host and administer Bethel's Internet website for the marketing and sale of diet strategies and dietary supplement products, including Bethel's S 30 and Fast 30, in conjunction with the Bethel Mark. A copy of the home webpage from Bethel's domain www.bethels30weightloss.com in 2008 is attached as **Exhibit "B."**

19.   Defendants provided Bethel with website hosting and administration from February of 2008 until February of 2009, during which time Defendants had unlimited access to the Bethel's domain's user names, passwords and secret questions and answers, and was exposed to Bethel's domain and confidential and

5

proprietary business information, product data and marketing strategies and confidential customer data (including but not limited to customers' credit card processing data).

20.   Plaintiff terminated Defendants' services in or about May of 2009.  After that termination Plaintiff switched its website from the domain www.bethels30weightloss.com to a new domain, www.bethel30.com, and continued the marketing and sale of herb dietary supplement products, including Bethel's S 30 and Fast 30, and displaying the Bethel Mark.

21.   A copy of the home webpage from Bethel's domain www.bethel30.com as it presently appears on the Internet is attached as **Exhibit "C."**

### C.   Defendants Hijack Bethel's Domain Website and Infringe on Bethel's Intellectual Property

22.   After Plaintiff terminated Defendants' services Defendants were instructed to direct the domain www.bethels30weightloss.com to the new domain www.bethel30.com, and Defendants claimed to have complied.

23.   At no time did Bethel ever turn over to Defendants the rights to Bethel's name, use, trademark, trade name, Internet domain name, copyright or other proprietary intellectual property or content owned by or attributable to Plaintiff.  Neither did Bethel authorize Defendants to access or use Bethel's www.bethels30weightloss.com domain name, or alter its website, after Vortech's services were terminated.

24.  Additionally, Bethel never authorized Defendants to collect information for Defendants' own use from Bethel's customers.

25.  On or about October 11, 2010, Bethel received a telephone call from customer "B.C."[1] who complained that she had not received products ordered and purchased for $140 by personal credit card, supposedly from Bethel's Internet website.

26.  Investigation revealed that the credit card payment made by B.C. was paid to the account of Defendant Vortech on October 18, 2010 (**Exhibit "D"**), that B.C.'s order was placed through the domain www.bethels30weightloss.com, and that this domain is now linked to a fraudulent website which is designed to mimic the website Bethel operates at www.bethel30.com.

27.  Bethel has also been informed by customer "T.M." that she had not received products ordered and purchased for $67.95 by personal credit card on October 18, 2010.  Investigation revealed that T.M.'s order was also placed through the fraudulent website at domain www.bethels30weightloss.com, and that Defendant Vortech received the credit card payment.  (**Exhibit "E".**)

28.  A copy of the fraudulent home webpage from the domain www.bethels30weightloss.com as of November 3, 2010 is attached as **Exhibit "F."**

29.  The fraudulent website at www.bethels30weightloss.com displays content substantially similar to that displayed on

---

[1]  Plaintiff's customers are referred to herein by their initials in lieu of their full names, to protect their privacy.

Bethel's legitimate website at www.bethel30.com, including:

    a.    a stylized silhouette of a figure with a round head and upraised arms similar to the Bethel Mark;

    b.    photographic images of Bethel's S 30 and Fast 30; and

    c.    similar text, graphic layout and color scheme.

30.  The fraudulent website at www.bethels30weightloss.com also recognized the personal password and other confidential information of Plaintiff's customers, thereby demonstrating that Defendants are unlawfully exploiting knowledge and information previously obtained by them during the hosting and administering of Bethel's Internet website during the one-year period from February of 2008 through 2009.

31.  Since October 11, 2010, Plaintiff has received additional complaints from customers concerning goods ordered and paid for by personal credit card from the fraudulent website at www.bethels30weightloss.com but never delivered.

32.  On October 26, 2010, Bethel sent Defendants a letter by both e-mail and certified mail to the corporate and personal postal and email address of Vortech and Gropper, respectively, demanding a written statement setting forth the full nature and extent of Defendants' exploitation of Bethel's domain and trademark rights and Bethel's customer relationships.  The letter also served notice to immediately cease and desist from all unlawful conduct, in the failure of which Bethel would act to enforce its rights through a civil action for injunctive relief and monetary

damages. **Exhibit "G."**

33.  As of the date of this Verified Complaint Defendants have not responded to the October 26, 2010 letter to cease and desist, and continue to operate the fraudulent website at the domain www.bethels30weightloss.com.

34.  Furthermore, Bethel has now received complaints from approximately *ten* customers who have be deceived and defrauded by defendants' bogus website at www.bethels30weightloss.com and have not received goods for which they tendered payment by personal credit card.

### D.  Deception of Bethel's Customers by Defendants

35.  Defendants have used the phony website at Bethel's domain www.bethels30weightloss.com for the purpose, and with the effect, of deceiving Bethel's customers into believing that the site is the true Bethel website (or otherwise an official Internet presence of Bethel), thereby luring them into the phony "User ID" and "Password" interface and entering their personal "User ID" and "Password" with which they accessed their personal information on the genuine Bethel Website.

36.  Defendants have no right to collect, nor any legitimate purpose in collecting, credit card and other confidential information from individuals who have done business and/or have accounts with Plaintiff.  Defendants' conduct constitutes a form of unlawful "phishing."

37.  On information and belief, Defendants accessed Plaintiff's

computer systems without authorization and collected credit card and other confidential, sensitive, and personal data, records, and other information that Plaintiff stores on that system.

### E.   The Need for Injunctive Relief

38.  Bethel will be irreparably harmed by Defendants' conduct insofar as Defendants have caused and will continue to cause Bethel's customers, prospective customers and others interested in Bethel's goods and services to be confused, mistaken or deceived.  Further, Bethel's reputation will be irreparably damaged by Defendants' misconduct in deceiving Bethel's customers into placing orders through the fraudulent website and failing to deliver the merchandise ordered.

39.  Defendants ongoing conduct represents an effort to induce the public to believe, contrary to fact, that Defendants' website and the goods and services represented thereby are rendered, sponsored, approved by, or connected with Bethel.

40.  Defendants' acts have damaged, impaired and diluted Bethel's goodwill symbolized by the federally registered Bethel Mark, to Bethel's immediate and irreparable damage.  If not enjoined, Defendants will continue to do so.

41.  Defendants had actual knowledge of Bethel's rights when Defendants' engaged in the conduct complained of herein.  Thus, Defendants have willfully, deliberately and maliciously engaged in the aforesaid acts with the intent to injure Bethel and to deceive the public.

10

42.  Bethel will suffer incalculable harm and damage as a result of a decrease in customer loyalty, loss of good will and a diminished ability to compete in the industry if Defendants are allowed to continue their unlawful conduct.

43.  The injunctive relief sought herein will not prejudice Defendants.  Defendants' conduct is prohibited by law, and the scope of relief sought herein seeks only to bring Defendants conduct within compliance of their existing legal obligations.

## FIRST COUNT
### (Violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4) and 1030(b))

44.  Bethel repeats the allegations set forth above.

45.  The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, permits any person who suffers damage or loss by reason of the criminal activity prohibited by its terms to bring a civil action for damages and injunctive relief.

46.  Defendants intentionally and without authorization accessed or attempted to access a protected computer - the computer server belonging to Bethel upon which customer information is stored - and thereby obtained information therefrom.  Accordingly, Defendants have violated and/or attempted to violate 18 U.S.C. § 1303(a)(2)(C).

47.  Defendants knowingly and with the intent to defraud accessed or attempted to access the same protected computer - and by means of such conduct furthered that intended fraud and obtained things

11

of value - namely, valuable confidential customer information belonging to Bethel and its affected customers.  The object of the Defendants' fraud and the things obtained, in a one-year period have a value of more than $5000.  Accordingly, Defendants have violated and or attempted to violate 18 U.S.C. § 1030(a)(4).

48.  Defendants have, by their conduct, caused loss aggregating at least $5000 in value to one or more persons during a one-year period, including the cost of forensic investigation, security remediation, and legal fees and costs.

49.  By reason of the acts alleged herein, Bethel has been damaged in an amount to be determined at trial, and because its remedy at law is inadequate, is entitled to temporary and permanent injunctive relief to protect it and its customers' confidential information, it is good will, and other legitimate business interests.

### SECOND COUNT
**(Trademark and Service Mark Infringement 15 U.S.C. 1114(1))**

50.  Bethel repeats the allegations set forth above.

51.  Defendants have used and are using the term Bethel, the silhouette of a person with arms raised and other imitations of the Bethel Mark in interstate commerce, in connection with a website that creates a likelihood of confusion, mistake or deception of customers, prospective customers and others interested in Bethel's services.

52.  Defendants' conduct represents an ongoing effort to induce

12

the public to believe, contrary to fact, that Defendants' website and the services represented thereby are rendered, sponsored, approved by and/or connected with Bethel.

53. Defendant's acts have damaged, impaired, and diluted that part of Plaintiff's goodwill symbolized by the federally registered Bethel Mark to Plaintiff's immediate and irreparable damage.

54. Defendants had actual knowledge of Plaintiff's rights in the Bethel Mark when Defendant engaged in the conduct complained of herein.  Thus, Defendant has willfully, deliberately, and maliciously engaged in the aforesaid acts with intent to injure Plaintiff and to deceive the public.

55. Defendant's use of imitations of Bethel's name and Mark in the manner alleged constitutes trademark and service mark infringement within the meaning of 15 U.S.C. § 1114(1)(a), causing damage in an amount to be determined at trial.

56. Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' infringement, and unless temporarily and permanently enjoined by this Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.

This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

### THIRD COUNT
**(Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

57. Bethel repeats the allegations set forth above.

13

58.  Defendants has converted Bethel's domain name to their own use.

59.  The fraudulent website at the domain used by Defendants incorporates the Bethel Mark and is thereby confusingly similar to the Bethel Mark.

60.  Defendants registered, used, and trafficked in Bethel's domain name with a bad faith intent to profit from its registration and use to unlawfully draw members of the public to this website as the genuine Bethel website.

61.  Defendants' use of the domain name has harmed the goodwill represented by the Bethel Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Internet site accessible under the domain name, and have caused damage in an amount to be determined at trial.

62.  Defendants' infringing conduct has caused and/or is likely to cause substantial, irreparable injury to Bethel and the members of the public taken in by the Defendants' conduct. Unless temporarily and permanently enjoined by this Court, Defendant will continue its infringing conduct to Bethel's immediate and irreparable damage.

## FOURTH COUNT
### (Common Law Trademark Infringement)

63.  Bethel repeats the allegations set forth above.

64.  Defendant has used Bethel's domain name and other imitations

of the Bethel Mark in such a manner as to create a likelihood of confusion among Bethel customers, thereby inducing customers and others to believe, contrary to fact, that Defendants' services are rendered, sponsored, or otherwise approved by, and/or connected with Bethel.  These acts by Defendant have damaged, impaired and diluted that part of Bethel's goodwill, to Bethel's immediate and irreparable damage, and unless enjoined will continue to do so.

65.  The nature, probable tendency, and effect of Defendants' use of confusingly similar names and marks in the manner alleged is to enable Defendant to deceive the public by passing off his services as being rendered, sponsored, or otherwise approved by and/or connected with Bethel.

66.  Defendants' use of names and marks confusingly similar to those used by Bethel in advertising and offering to sell products and services over the Internet is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services, and said use constitutes infringement of the Bethel Marks under the common law.

67.  Defendants' acts of infringement have caused Bethel irreparable injury, loss of reputation, and pecuniary damages. Unless temporarily and permanently enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing Bethel immediate and irreparable damage.

**FIFTH COUNT**
**(Common Law Unfair Competition)**

68.   Bethel repeats the allegations set forth above.

69.   The acts of Defendants constitute unfair competition under the common law, in that they are (i) exploiting information received from Bethel through the breach of a confidential relationship; and (ii) misleading Bethel's customers and the public to believe that they are related to or connected with Bethel and the products they offer are the products of Bethel.

70.   Defendants' acts of unfair competition have caused Bethel irreparable injury, loss of reputation, and pecuniary damages. Unless temporarily and permanently enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing Bethel immediate and irreparable damage.

**SIXTH COUNT**
**(Trafficking in Counterfeit Marks under New Jersey Law**
**N.J.S.A. §56:3-13.16)**

71.   Bethel repeats the allegations set forth above.

72.   The acts of Defendants constitute trafficking or attempting to traffic in counterfeit trademarks in violation of N.J.S.A. §56:3-13.16, in that they use, without consent of Bethel, a reproduction, counterfeit, copy, or colorable imitation of Bethel's Mark in connection with the sale, distribution, offering for sale, or advertising in this State of goods or services on or in connection with which the use is likely to cause confusion or

mistake or to deceive as to the source of origin of the goods or services.

73.   Defendants' acts have caused Bethel irreparable injury, loss of reputation, and pecuniary damages. Unless temporarily and permanently enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing Bethel immediate and irreparable damage.

### SEVENTH COUNT
### (Unfair Competition in Violation of N.J.S.A. § 56:4-1)

74.   Bethel repeats the allegations set forth above.

75.   The acts of Defendants constitute appropriation of Bethel's name, product, trademarks, reputation and goodwill, in violation of N.J.S.A. § 56:4-1.

76.   Defendants' acts have caused Bethel irreparable injury, loss of reputation, and pecuniary damages. Unless temporarily and permanently enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing Bethel immediate and irreparable damage.

### EIGHTH COUNT
### (Tortious Interference With Contract;
### Tortious Interference with Prospective Economic Advantage)

77.   Bethel repeats the allegations set forth above.

78.   Bethel enjoys a reasonable expectation of economic advantage through Bethel's business relationships with its customers. Those relationships were known to Defendants, who were not parties to these relationships.

17

79.   Defendants unreasonably interfered with Bethel's contractual relationships with its customers through the use of dishonest, unfair or improper means, resulting in injury to Bethel's business relationships.

80.   Further, Defendants unreasonably interfered with Bethel's pursuit of prospective economic advantage with its customers resulting in the loss of prospective gain.

81.   The conduct of Defendants constitutes tortious interference with contract and/or tortious interference with Bethel's prospective economic advantage.

82.   As a result of Defendants' tortious interference with Bethel's prospective economic advantage, Bethel has suffered, and will suffer, damages.

83.   Defendant's conduct as aforesaid is in wanton and wilful disregard of Bethel's legal rights, so as to justify the imposition of punitive damages.

## RELIEF SOUGHT

Bethel demands relief and judgment against Defendants as follows:

A.   Pursuant to 18 U.S.C. § 1030(g), that Defendants and each of his and its agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with Defendants be temporarily, preliminarily and permanently enjoined from:

(i)  Collecting or attempting to collect any information,

18

credit card numbers or other data from or about Bethel's customers;

(ii) Accessing or attempting to access Bethel's domain www.bethels30weightloss.com or any websites, networks, data, information, customer information, computers, and/or computer systems related to Bethel;

(iii)     Disseminating or disclosing publicly or to any third party, or otherwise using, any information obtained from or about Bethel's customers, or conspiring to do the same; and

(iv) Altering, deleting, disseminating, or destroying any evidence, in any form, relating to Defendants' past actions or efforts relating to the conduct described in subsections (i) – (iii) above.

B.     Pursuant to 18 U.S.C. § 1030(g), that Defendants be required to pay Bethel all statutory compensatory damages for the natural and foreseeable damages and losses it has suffered as a result of Defendants' unlawful course of conduct.

C.     Pursuant to 15 U.S.C. § 1116 and the law of the State of New Jersey, that Defendants and each of their agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with Defendants be temporarily and permanently enjoined from:

(i)     Using Bethel's trademark, name, domain name or other identification that includes "Bethel" and any other domain name, design or mark confusingly similar to Bethel's trademark and/or

name;

(ii) Using in any manner any service mark, trademark, trade name, domain name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof, which would imitate, resemble or suggest the Bethel trademark or domain name; and

(iii) Otherwise using, registering or reserving any service mark, trademark, trade name, domain name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof, which would imitate, resemble or suggest the Bethel Mark or domain name.

D.    Pursuant to 15 U.S.C. § 1117(a) and (b), that Defendants be required to account and pay to Bethel all statutorily authorized profits, damages and costs, and attorney fees sufficient to fairly compensate Bethel for the injury it has sustained, and further that the amount of the damages granted be trebled in view of the nature of Defendants' unlawful conduct and lack of extenuating circumstances, together with pre-judgment interest.

E.    Pursuant to 15 U.S.C. § 1117(c), that Bethel be awarded statutory damages from Defendants in an amount not less that $1,000 or more than $200,000 per counterfeit mark, as the court considers just.

F.    Pursuant to 15 U.S.C. § 1117(d), that Bethel be awarded statutory damages from Defendants in an amount not less that $1,000 or more than $100,000 per domain name, as the court

considers just.

G.    Pursuant to 15 U.S.C. § 1125(d), that Defendants be ordered to transfer to Plaintiff the domain name www.bethels30weightloss.com.

H.    That Bethel be awarded punitive damages from Defendants in an amount sufficient to punish Defendants for their conduct and to deter Defendants from engaging in unlawful conduct in the future.

I.    That Defendants otherwise be required to compensate Bethel for all reasonably foreseeable damages that have resulted from Defendants' conduct.

J.    That Bethel otherwise be granted such other, further, different or additional relief as this Court deems equitable and proper.

**DEMAND FOR JURY**

Bethel demands a trial by jury of all issues so triable.

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Park 80 West - Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
*Attorneys for Plaintiff*
*BETHEL NUTRITIONAL CONSULTING, INC.*

Charles R. Cohen
Of Counsel

November 5, 2010

21

## VERIFICATION

I, Felix V. Ramirez, being of full age, upon my oath do depose and say:

1.    I am the Chief Executive Officer of Bethel Nutritional Consulting, Inc., Plaintiff in the above-captioned matter.

2.    I am familiar with the facts set forth in the foregoing Verified Complaint.

3.    I have read the foregoing Verified Complaint and they are true to the best of my knowledge, information and belief.


_____
Felix V. Ramirez

Sworn and subscribed to
before me this
5th day of November, 2010


_____
Charles R. Cohen, Esq.
Attorney at Law of the
State of New Jersey

22