```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BETHEL NUTRITIONAL CONSULTING, INC., <br>       Plaintiff <br><br> v. <br><br> JONATHAN GROPPER and VORTECH WEB AND BUSINESS SOLUTIONS LLC; <br>       Defendant. | Civil Action No. _____ <br><br><br> Electronically Filed Document |

**BRIEF IN SUPPORT OF
PLAINTIFF BETHEL NUTRITIONAL CONSULTING, INC.'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION
AND EXPEDITED DISCOVERY ORDER**

```
                          COHN LIFLAND PEARLMAN
                           HERRMANN & KNOPF LLP
                          CHARLES R. COHEN, ESQ.
                          Park 80 West - Plaza One
                          250 Pehle Ave., Suite 401
                          Saddle Brook, NJ 07663
                          Our File # 38164-0


                          Attorneys for Plaintiff
                          BETHEL NUTRITIONAL CONSULTING, INC.
```

**TABLE OF CONTENTS**

                                                                                          **PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.   BETHEL HAS A STRONG LIKELIHOOD OF SUCCESS
         ON THE MERITS . . . . . . . . . . . . . . . . . . . . . . 2

        A.   Bethel's Claim under the Computer
             Fraud and Abuse Act. . . . . . . . . . . . . . . 2

        B.   Bethel's Claims Under the Lanham Act . . . . . . 5

    II.  PLAINTIFF WILL BE IRREPARABLY HARMED IF
         DEFENDANTS' UNLAWFUL CONDUCT IS NOT ENJOINED. . . . . 7

    III. THE RELIEF SOUGHT WILL NOT HARM DEFENDANTS. . . . . . 9

    IV.  THE PUBLIC INTEREST FAVORS PRELIMINARY
         INJUNCTIVE RELIEF . . . . . . . . . . . . . . . . . . 9

    V.   EXPEDITED DISCOVERY SHOULD BE ORDERED . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

                                                                                          **PAGE**

American Telephone & Telegraph Co. v. Win back and
   Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) . . . . 2

B&B Microscopes v. Armogida,
   532 F.Supp.2d. 744 (W.D. Pa. 2007) . . . . . . . . . . . . . 3

Birthright v. Birthright, Inc.,
   827 F. Supp. 1114 (D.N.J. 1993) . . . . . . . . . . . . . . 6

Chanel, Inc. v. Gordashevsky,
   558 F.Supp.2d. 532 (D.N.J. 2008)
   *citing* 15 U.S.C. § 1114(1)(a) . . . . . . . . . . . . . . . 6

Dominion Bankshares Corp. v. Devon Holding Co., Inc.,
   690 F. Supp. 338 (E.D. Pa. 1988) . . . . . . . . . . . . . . 7

Edudata Corp. v. Scientific Computers, Inc.
  599 F.Supp. 1084 (D. Minn. 1984). . . . . . . . . . . . . . . 11

Ellsworth Assocs., Inc. v. United States,
  917 F.Supp. 841 (D.D.C. 1996).. . . . . . . . . . . . . . . . 11

H & R Block E. Enters., Inc. v. J & M Secs., LLC,
  No. 05-1056, 2006 WL 1128744, at *4
  (W.D. Mo. Apr. 24, 2006). . . . . . . . . . . . . . . . . . . 3

Heritage Community Bank v. Heritage Bank, N.A.,
  2008 WL 5170190, at *3 (D.N.J. Dec. 9, 2008). . . . . . . . . 6

HUB Group, Inc. v. Clancy, No. 05-2046,
  2006 WL 208684, at *3-4 (E.D. Pa. Jan. 25, 2006). . . . . . . 3

KOS Pharmaceuticals, Inc. v. Andrx Corp.,
  369 F.3d 700 (3rd Cir. 2004). . . . . . . . . . . . . . . 8, 9

Opticians Ass'n of Am. v. Independent Opticians of Am.,
  920 F.2d 187 (3d Cir. 1990).. . . . . . . . . . . . . 2, 8, 10

Soler v. G & U, Inc.,
  86 F.R.D. 524 (S.D.N.Y. 1980).. . . . . . . . . . . . . . . . 11

Sw. Airlines Co. v. Farechase, Inc.,
  318 F.Supp.2d 435 (N.D. Tex. 2004). . . . . . . . . . . . . . 3

Watson v. Miears,
  772 F.2d 433 (8th Cir. 1985). . . . . . . . . . . . . . . . . 11

**STATUTES AND RULES**

**PAGE**

Computer Fraud and Abuse Act,
  18 U.S.C. § 1030, *et seq*. . . . . . . . . . . . . . . . *passim*

Lanham Act, 15 U.S.C. § 1051, *et seq*... . . . . . . . . . 5, 6, 10

**PRELIMINARY STATEMENT**

Defendants, who are 'cybersquatters' and infringers of Plaintiff's intellectual property rights in a registered trademark, are using a deceptive Internet domain name that links users to a fraudulent website that mimics Plaintiff's legitimate website.  This conduct is generally referred to as "spoofing," a term which understates the severity of the fraud involved.

Defendants are using the fraudulent website to collect and exploit credit card and other confidential personal information from Plaintiffs' customers, who are being deceived by Defendants' bogus website, a process known as "phishing".  Defendants are then charging the customers' credit cards for undelivered goods.

A temporary restraining order and preliminary injunction are required to prevent Defendants from irreparably injuring Plaintiff and its customers (who face fraudulent credit card charges, possible identity theft and the panoply of other potential harms that result therefrom), and from destroying the evidence of their misconduct.  Plaintiff meets all the criteria for a grant of the injunctive relief sought.

**STATEMENT OF FACTS**

Plaintiff Bethel Nutritional Consulting, Inc.("Bethel") relies upon the facts set forth in the accompanying Verified Complaint against Defendants Jonathan Gropper ("Gropper") and Vortech Web and Business Solutions LLC ("Vortech") (jointly referred to herein as "Defendants").

1

**LEGAL ARGUMENT**

In evaluating Bethel's request for a temporary restraining order and preliminary injunction here, the Court must consider the following four factors: (1) the likelihood that plaintiff will prevail on the merits at a final hearing; (2) the extent to which plaintiff is being irreparably harmed by the defendants' conduct; (3) the extent to which the defendant will suffer irreparable harm if enjoined; and (4) the public interest. <u>American Telephone & Telegraph Co. v. Win back and Conserve Program, Inc.</u>, 42 F.3d 1421, 1427 (3d Cir. 1994); <u>Opticians Ass'n of Am. v. Independent Opticians of Am.</u>, 920 F.2d 187, 191-92 (3d Cir. 1990).

As shown below, Bethel has an overwhelming likelihood of success on the merits of each of its claims.  In addition, Bethel will suffer irreparable harm absent an order restraining Defendants from continuing their unlawful acts, the balance of the equities favors Plaintiff, and the public interest likewise favors such relief.

**I.    BETHEL HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS**

Although Bethel need only demonstrate a likelihood of success on any of its claims, Bethel in fact has an overwhelmingly strong likelihood of success on all counts.

**A.    Bethel's Claim under the Computer Fraud and Abuse Act**

The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. ("CFAA") prohibits a range of activities involving unauthorized

access to computer systems.  Although the CFAA contemplates that the federal government will be primarily responsible for enforcing the (mostly criminal) provisions of the CFAA, it provides a private right of action to "[a]ny person who suffers damage or loss by reason of a violation [of the CFAA]," and permits such injured party to seek compensatory damages and injunctive or other equitable relief.  18 U.S.C. § 1030(g).  Such private action must involve one of the five factors set forth in 18 U.S.C. § 1030(c)(4)(A)(i), one of which is "loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value."

"Loss" is defined broadly at 18 U.S.C. § 1030(e)(11) as "any reasonable cost to any victim" (with a list of exemplary losses included, such as "the cost of responding to an offense, conducting a damage assessment," etc.), and several federal courts have noted that the definition encompasses the unauthorized access and use of proprietary information, See, e.g., B&B Microscopes v. Armogida, 532 F.Supp.2d. 744, 758 (W.D. Pa. 2007); HUB Group, Inc. v. Clancy, No. 05-2046, 2006 WL 208684, at *3-4 (E.D. Pa. Jan. 25, 2006); H & R Block E. Enters., Inc. v. J & M Secs., LLC, No. 05-1056, 2006 WL 1128744, at *4 (W.D. Mo. Apr. 24, 2006); Sw. Airlines Co. v. Farechase, Inc., 318 F.Supp.2d 435, 438-9 (N.D. Tex. 2004).

Among other misconduct, the CFAA prohibits:

- Intentionally accessing a computer without

       authorization and thereby obtaining information from any "protected computer," which means "a computer which is used in or affecting interstate for foreign commerce or communication."  *See* 18 U.S.C. §§ 1030(a)(2)(C) and (e)(2)(B).

- Knowingly and without authorization accessing a protected computer with intent to defraud, if the conduct furthers such fraud and results in the perpetrator obtaining anything of value, unless the value is $5,000 or less in any one-year period.  *See* 18 U.S.C. § 1030(a)(4).

- Conspiring to commit or attempting to commit any of the offenses proscribed in subsection (a), including those described above.  *See* 18 U.S.C. § 1030(b).

Bethel has already to incurred in excess of $5,000 in connection with Defendants' activities, and evidence that Defendants are fraudulently charging the credit cards of Bethel's customers is set forth in the Verified Complaint.  When Bethel is able to collect further evidence from Defendants themselves, Defendants' conduct will conclusively be shown to violate each of these provisions.  It is doubtful that anyone would create a 'copy-cat' website and log-in interface as Defendants have done here, and then make the interface active, unless that person intended to dupe Bethel's Internet customers, gather the information they enter, and fraudulently use that information to

charge the customers' credit cards.  Accordingly, there exists a strong likelihood that Defendants have violated 18 U.S.C. §§ 1030(a)(2)(C), (a)(4), and (b).

**B.   Bethel's Claims Under the Lanham Act**

Bethel is also likely to succeed on its claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq*.[1] To succeed in a mark infringement claim, a plaintiff must establish three elements: "(1) that the mark is valid and legally protectable; (2) that the mark is owned by the Plaintiff; and (3) that the Defendants' use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *See* <u>Birthright v. Birthright, Inc.</u>, 827

---

[1]   The Lanham Act provides, in pertinent part:

Any person who shall, without the consent of the registrant--

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided....

15 U.S.C. § 1114(1).

5

F. Supp. 1114, 1134 (D.N.J. 1993); <u>Heritage Community Bank v. Heritage Bank, N.A.</u>, 2008 WL 5170190, at *3 (D.N.J. Dec. 9, 2008).

Here, Bethel is the uncontested owner of U.S. Service Mark Registration No. 3,852,869 (the "Bethel Mark").  Pursuant to 15 U.S.C. § 1065, Bethel's federal registration provide conclusive evidence of its validity.

To demonstrate that the Bethel Mark is infringed under the Lanham Act, Bethel must show that Defendant used (1) any reproduction, counterfeit, copy, or colorable imitation of the mark; (2) without the registrant's consent (3) in commerce (4) in connection with the sale, offering for sale, distribution or advertising of goods or services (5) and such use is likely to cause confusion or cause mistake or to deceive.  *See* <u>Chanel, Inc. v. Gordashevsky</u>, 558 F.Supp.2d. 532, 536 (D.N.J. 2008) *citing* 15 U.S.C. § 1114(1)(a).

These requirements are easily satisfied here.  Defendants are operating a website on a domain with Bethel's name, which website features a stylized silhouette of a figure with a round head and upraised arms similar to the Bethel Mark without Bethel's consent in commerce in connection with the alleged offering of goods marketed by Bethel, specifically <u>Bethel's S 30</u> and <u>Fast 30</u>.  In addition, Defendants' intentional copying of Bethel's photographic images of <u>Bethel's S 30</u> and <u>Fast 30</u> and use of similar text, graphic layout and color scheme on the

6

fraudulent website to copy the 'look and feel' of Bethel's legitimate website is strong evidence of the likelihood of confusion. *See* Dominion Bankshares Corp. v. Devon Holding Co., Inc., 690 F. Supp. 338 (E.D. Pa. 1988). The foregoing is also clear and indisputable evidence that Defendants are intentionally mimicking the Bethel Mark and attempting to unlawfully profit from Bethel's mark and reputation.

It is therefore abundantly clear that Defendants have intentionally used the silhouette of a figure with a round head and upraised arms with full knowledge of the Bethel Mark. Since Defendants are using that image on a fraudulent website that consciously mimics the style and content of Bethel's site and purports to sell Bethel's products, there is more than simply a mere likelihood of confusion. Bethel is therefore likely to succeed on the merits of its trademark infringement claim.[2]

## II. PLAINTIFF WILL BE IRREPARABLY HARMED IF DEFENDANTS' UNLAWFUL CONDUCT IS NOT ENJOINED

Defendants' unlawful activities threaten to severely harm Bethel and its customers by tarnishing Bethel's reputation and exposing customers to false credit card charges, the loss of confidentiality of personal information and possible identify theft.

In a trademark infringement or unfair competition case, a

---

[2] Bethel has several other causes of action for which it also has a likelihood of success on the merits. However, out of consideration for the Court, Bethel has limited its requests for emergency relief to the issues presented herein.

7

substantial likelihood of confusion constitutes irreparable injury.  *See* Opticians Ass 'n of Am., 920 F.2d at 196-97; *see also* KOS Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 726 (3rd Cir. 2004).  Furthermore, Bethel's lack of control over the manner in which Defendants are offering goods and services under the Bethel Mark constitutes an immediate and irreparable injury, regardless of the actual quality of those goods or services, and the use of Bethel in the domain name and on Defendants' fraudulent website is likely to lead prospective customers to believe the parties are affiliated.  *See* Opticians Ass'n of Am., 920 F.2d at 195-97.  Bethel's Customers are visiting Defendants' website in the mistaken belief that they are visiting Plaintiff's website; Plaintiffs reputation and good will inevitably will be harmed as a result and no amount of money can erase Plaintiff's loss of reputation and good will.

In addition, Plaintiff's customers are providing private credit card and other personal data to Defendants under the mistaken belief that such information is being provided to Plaintiff.  Such activity constitutes irreparable harm unless the activity is enjoined.

Further, it is known is that Bethel's business reputation and good will is diminished by Defendants' wrongful activities.  Thus, Bethel has met its burden of demonstrating irreparable harm.

It bears emphasis that Bethel immediately took steps to

8

reduce the harm that may result from Defendants' unlawful conduct. Defendants have ignored Bethel's cease and desist letter and have yet begun to respond to Bethel's request for information. Without an injunction against Defendants, enforceable by the contempt and other powers of this Court, Defendants are likely to continue their unlawful and injurious conduct.

### III. THE RELIEF SOUGHT WILL NOT HARM DEFENDANTS

A grant of the injunctive relief sought herein will not harm Defendants. Such a grant will only preclude Defendants from unlawfully using a trademark, name and other indicia that they have absolutely and undeniably no right to use in the first place. The only inconvenience to Defendants will be that they are forced to halt their scheme to irreparably damage Bethel and its customers. Further, it is usually held that when a defendant improperly uses a plaintiff's mark, the threatened harm to plaintiff if an injunction were not to issue outweighs the threatened harm to Defendant if an injunction were to issue. *See* KOS Pharmaceuticals, Inc., 369 F.3d. at 727-30. Accordingly, the threatened harm to Plaintiff far outweighs any threatened harm to Defendants.

### IV. THE PUBLIC INTEREST FAVORS PRELIMINARY INJUNCTIVE RELIEF

The final requirement for injunctive relief, that the injunction will serve the public interest, is also satisfied in this case. "Public interest can be defined a number of ways, but

9

in a trademark case, it is most often a synonym for the right of the public not to be deceived or confused." Opticians Ass'n of Am., 920 F.2d at 197.  The public interest favors a restraining order and an injunction here, because the public interest is always served by requiring compliance with Congressional statutes, such as the Lanham Act, which authorizes the courts to enjoin the use of infringing marks.  Protecting Bethel's valid trademark from being infringed, especially in a situation of fraud such as this, serves the interest of the public to be free from confusing commercial symbols that impair the ability to distinguish the goods or services of one purveyor from those of another.  Indeed, this is the underlying purpose of trademark laws.  Granting the restraining order and the injunction will protect customers of Bethel from unknowingly submitting confidential private data to Defendants, who are using such data to directly harm those customers.

## V.     EXPEDITED DISCOVERY SHOULD BE ORDERED

This application for a preliminary injunction seeks to enjoin Defendants from irreparably injuring Bethel and its customers, and from destroying the evidence of their misconduct.  This matter is extremely time sensitive because it is apparent that Defendants have used the fraudulent website at the domain www.bethels30weightloss.com for the purposes of deceiving Bethel's customers into believing that the site is the Bethel website.

Expedited discovery of a limited nature will allow Bethel to discover the extent to which its customers have had their credit card and other personal information improperly captured by Defendants, facilitate the preservation of evidence, and allow for an orderly presentation of testimony and evidence at the hearing on Bethel's application for a preliminary injunction. The expedited discovery will be tailored to the issues presented in the motion for preliminary injunction.  Until Bethel has discovery from Defendants on these issues, the full extent of harm and damage caused by Defendants' actions is not known.

The Federal Rules for Civil Procedure give this court broad discretion to order expedited discovery. *See* Watson v. Miears, 772 F.2d 433, 437 (8th Cir. 1985) (stating that "[trial judges have the responsibility and authority to expedite the discovery process"); Soler v. G & U, Inc., 86 F.R.D. 524, 530-31 (S.D.N.Y. 1980).  Moreover, expedited discovery is especially appropriate in cases such as this, where a party is seeking injunctive relief.  *See e.g.*, Ellsworth Assocs., Inc. v. United States, 917 F.Supp. 841, 844 (D.D.C. 1996) (granting party's request for expedited discovery "because of the expedited nature of injunctive proceedings"); Edudata Corp. v. Scientific Computers, Inc. 599 F.Supp. 1084, 1088 (D. Minn. 1984) (stating that "[further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the

11

merits").

Therefore, the court should grant Bethel's application for expedited discovery in advance of the preliminary injunction hearing.

## CONCLUSION

For the foregoing reasons, Bethel respectfully requests that this Court grant its request for a temporary restraining order, a preliminary injunction and expedited discovery.

                                      COHN LIFLAND PEARLMAN
                                       HERRMANN & KNOPF LLP
                                      CHARLES R. COHEN
                                       Park 80 West - Plaza One
                                       250 Pehle Ave., Suite 401
                                       Saddle Brook, NJ 07663
                                       *Attorneys for Plaintiff*
                                       *BETHEL NUTRITIONAL CONSULTING, INC.*

                                       <u>/s/ Charles R. Cohen</u>
                                       Charles R. Cohen
November 5, 2010                      Of Counsel