# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 WEST - PLAZA ONE, 250 PEHLE AVE., SUITE 401, SADDLE BROOK, NJ 07663 · 201-845-9600 · FAX 201-845-9423

GENERAL E-MAIL: CLPHK@NJLAWFIRM.COM
INTERNET ADDRESS: WWW.NJLAWFIRM.COM

October 26, 2010

**VIA REGULAR & CERTIFIED MAIL,**
**R.R.R.#70101870000217595218**
**AND EMAIL to Jon@GoVWS.com**
Jonathan Gropper
254B Everly Court
Mt. Laurel, NJ 08054

**VIA REGULAR & CERTIFIED MAIL,**
**R.R.R.#70101870000217595225**
Jonathan Gropper, CEO
Vortech Web and Business Solutions LLC
26 N. Maple Avenue
Marlton, NJ 08053

      RE: **Bethel Nutritional Consulting, Inc.**
        **v. Jonathan Gropper and Vortech Web**
        **and Business Solutions LLC**
      Our File No.: 38,164-0

Dear Mr. Gropper:

  I represent Bethel Nutritional Consulting, Inc. ("Bethel"), a company engaged in the sale of nutrition and weight loss products and diet plans over the Internet.

  As you are well aware, in February of 2008, Bethel engaged you and your company, Vortech Web and Business Solutions LLC, to establish Bethel's domain www.bethels30weightloss.com and develop and design Bethel's Internet website for the sale of its herb supplement products, including Bethel's S 30 and Fast 30. You provided Bethel with website hosting and administration until Bethel terminated your services on February 18, 2009. During that one-year period, you enjoyed full access to Bethel's domain and confidential and proprietary business information, product data and marketing strategies and confidential customer data (including but not limited to customers' credit card processing data). You also had unlimited access to the Bethel's domain's user names, passwords and secret questions and answers. Bethel regards all these business assets, developed at considerable expense, as unique and of very substantial value.

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

*Jonathan Gropper*
*October 26, 2010*
*Page 2*

    Bethel has received information which strongly supports the conclusion that you and Vortech Web and Business Solutions LLC, apparently in concert with others, are hijacking Bethel's domain, abusing your administrative power over Bethel's domain and exploiting your past access to Bethel's confidential business information to unfairly compete against Bethel by deceptively marketing <u>Bethel's S 30</u> and <u>Fast 30</u>, violating Bethel's trademark rights and otherwise intentionally interfering with Bethel's customer relationships.  As a result of your apparent conduct, Bethel has suffered harm to multiple business relationships and will suffer further harm in the future.

    Bethel does not wish to believe that you and Vortech Web and Business Solutions LLC are now engaged in, and intend to continue, such a course of unlawful and unethical conduct. Bethel also does not want to become embroiled in litigation which might be avoided by the simple expedient of your supplying Bethel with the full, truthful facts regarding your conduct and the conduct of others in concert with you.  Bethel therefore is extending to you an opportunity to provide fully responsive answers to the following questions:

1. Have you and/or Vortech Web and Business Solutions LLC, either directly or indirectly, conducted any activity over the Internet using the domain <u>www.bethels30weightloss.com</u> from February 18, 2009 to present?  If so, state:
   a. the date you began such activity;
   b. the specific nature of such activity;
   c. the full name and address of every person and/or business entity participating in any way in such activity; and
   d. if the activity has ceased, the date it did so.

2. Have you and/or Vortech Web and Business Solutions LLC, either directly or indirectly, conducted any transaction involving the sale of <u>Bethel's S 30</u> and/or <u>Fast 30</u> from February 18, 2009 to present?  If so, state:
   a. the date of each transaction;
   b. the full name and address of every person and/or business entity participating in any way (either as buyer or seller) in each such transaction;
   c. the quantity of <u>Bethel's S 30</u> and/or <u>Fast 30</u> sold in each transaction;

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

*Jonathan Gropper*
*October 26, 2010*
*Page 3*

    d.   the specific price the customer paid for Bethel's S 30 and/or Fast 30 sold in each transaction;
    e.   how the buyer paid for the transaction (i.e., cash, check, credit card payment or other); and
    f.   the full name and address of every person and/or business entity that received all or any part of the payment for the transaction.

3.   Have you and/or Vortech Web and Business Solutions LLC, either directly or indirectly, purchased Bethel's S 30 and/or Fast 30 from Bethel during the period from February 18, 2009 to present?  If so, state:
    a.   the date of each transaction;
    b.   the full name and address of every person and/or business entity participating in any way as buyer in each such transaction;
    c.   the quantity of Bethel's S 30 and/or Fast 30 purchased in each transaction; and
    d.   the specific price paid for Bethel's S 30 and/or Fast 30 purchased in each transaction.

4.   Have you been involved, directly or indirectly, in the planning and/or formation of a new business entity to provide distribution and/or sale of Bethel's S 30 and/or Fast 30 during the period from February 18, 2009 to present?  If so, please identify:
    a.   the full name and address of the new business entity;
    b.   all officers, shareholders, members or partners of the new business entity;
    c.   if it is not yet formed, whether, where and when you plan to file documents of formation.

5.   Have you been involved, directly or indirectly, in the business activities of an entity called Omni Globe Corp, also known as OmniGlobe Corp, also know as Omni Global Corp?  If so, please identify:
    a.   the specific nature of all such business activities;
    b.   the circumstances (including purpose and outcome) of your involvement in such business activities; and
    c.   the dates of such business activities.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

COUNSELLORS AT LAW

*Jonathan Gropper*
*October 26, 2010*
*Page 4*

6. Have you been involved, directly or indirectly, in the business activities of a person named Song Min Hong? If so, please identify:
   a. the specific nature of all such business activities;
   b. the circumstances (including purpose and outcome) of your involvement in such business activities; and
   c. the dates of such business activities.

7. Have you been involved, directly or indirectly, in the business activities of a person named Bradley S. Tomaziefski? If so, please identify:
   a. the specific nature of all such business activities;
   b. the circumstances (including purpose and outcome) of your involvement in such business activities; and
   c. the dates of such business activities.

8. Have you and/or Vortech Web and Business Solutions LLC received (or have an expectation of receiving in the future) any payment or other form of compensation related either directly or indirectly from any business transaction with a current or former Bethel supplier or customer? If so, state:
   a. the name of the supplier or customer;
   b. the amount, nature and circumstances of each such commission payment or other form of compensation; and
   c. the amount of each commission payment or other form of compensation you have received or have an expectation of receiving.

**Please provide written answers to these questions on or before the close of business at 5:00 PM on Thursday, October 28, 2010.** In the event that you fail to do so, Bethel will have no choice but to conclude that you and/or Vortech Web and Business Solutions LLC are, in fact, exploiting your past access to Bethel's confidential business information to unfairly compete against Bethel by deceptively marketing <u>Bethel's S 30</u> and <u>Fast 30</u>, violating Bethel's domain and trademark rights, and otherwise intentionally interfering with Bethel's customer relationships.

Furthermore, this letter shall serve as notice that you are to immediately cease and desist from all unlawful conduct, or Bethel will act to enforce its rights in Court through a civil action for injunctive relief and monetary damages, including

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

*Jonathan Gropper*
*October 26, 2010*
*Page 5*

without limitation compensatory damages, attorneys' fees and costs of suit. Additionally, your conduct may give rise to your being found liable for civil penalties under the Lanham Act, 15 U.S.C. § 1125, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, trademark infringement, civil conspiracy, tortious interference with contractual relations, tortious interference with present and prospective economic advantage, unfair competition and misappropriation of trade secrets.

Finally, this letter shall serve as a formal demand for you and Vortech Web and Business Solutions LLC (including all business associates, employees, partners, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions) to preserve all documents, tangible things and electronically stored information that is potentially relevant to the subject matter of this letter. You should anticipate that much of the information subject to disclosure or responsive to potential discovery in this matter is stored on your current and former computer systems and other media and data devices (including cell phones, personal digital assistants, voice-messaging systems, online email and other data repositories). Please be aware that alteration, deletion or other destruction of such documents, tangible things and electronically stored information may give rise to a claim for unlawful spoliation or otherwise expose you to possible sanctions.[1]

---

[1] Adequate preservation of electronically stored information requires more than simply refraining from efforts to destroy or dispose of potential evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of electronically stored information. Be advised that sources of electronically stored information are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application can irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Jonathan Gropper
October 26, 2010
Page 6

    This is an extremely serious matter, and I urge you to give it the attention it merits.  Thank you for your anticipated full cooperation and timely response.

                                Very truly yours,

                                Charles R. Cohen

cc:  Bethel Nutritional Consulting, Inc.