COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
CHARLES R. COHEN, ESQ.
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Our File # 38164-0
*Attorneys for Plaintiff*
*Bethel Nutritional Consulting, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| BETHEL NUTRITIONAL CONSULTING, INC., Plaintiff <br><br> v. <br><br> JONATHAN GROPPER and VORTECH WEB AND BUSINESS SOLUTIONS LLC; Defendant. | Civil Action No. _____ <br><br> **ORDER TO SHOW CAUSE** <br> **AND** <br> **TEMPORARY RESTRAINING ORDER** <br><br> Electronically Filed Document |

---

Upon considering the Verified Complaint filed by Plaintiff Bethel Nutritional Consulting, Inc. ("Bethel"), with exhibits annexed thereto, and Brief submitted herewith, and it appearing that irreparable injury, loss or damage will occur to Plaintiff unless the relief sought is granted, and notice of this application having been given to Defendants, and for good cause shown:

IT IS on this _____ day of November, 2010,

1.   ORDERED that, pending the hearing on the application of Plaintiff or preliminary injunction, Defendants Jonathan Gropper ("Gropper") and Vortech Web and Business Solutions LLC ("Vortech") and their agents, servants, employees, attorneys,

successors, assigns, and all others in privity and acting in concert or participation with them, are hereby TEMPORARILY RESTRAINED AND ENJOINED until further order of the Court, as follows:

(A)  Using Registered Trademark No. 3,852,869 (the "Bethel Mark") or similar image depicting the silhouette of a figure with a round head and upraised arms similar to the Bethel Mark; any domain name that includes the word "Bethel"; and any other domain name or mark confusingly similar to Bethel and/or the Bethel Mark;

(B)  Using in any manner any service mark, trademark, trade name, domain name, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof, which would imitate, resemble or suggest the Bethel Mark, domain name, Bethel's S 30 and Fast 30;

(C)  Otherwise infringing Plaintiff's trademark and trade name; and

(D)  Using, registering or reserving any domain name, trademark, service mark or trade name that includes the word "Bethel", Bethel's S 30 and Fast 30, or is confusingly similar to the Bethel Mark, domain name and/or Bethel's S 30 and Fast 30.

(E)  Collecting, attempting to collect, or conspiring to collect any information or data from or about Bethel's customers that Defendants are not authorized to collect;

(F)  Accessing, or attempting to access, or conspiring to

access Bethel's websites, networks, data, information, customer information, computers, and/or computer systems;

(G)   Disseminating or disclosing publicly or to any third party, or otherwise using, any information obtained from or about Bethel's customers, or conspiring to do the same;

(H)   Abandoning or transferring any domain name(s) incorporating "Bethel" which is (are) currently registered by Defendants;

(I)   Utilizing, charging, disseminating or otherwise in any way using any credit card or other personal information pertaining to Bethel's customers; and

(J)   Altering, deleting, disseminating, or destroying any documents, information, data or evidence, in any form, relating to Defendants' actions or efforts relating to the conduct described in subsections (A) through (I) above.

2.    IT IS FURTHER ORDERED that, on the _____ day of _____, 2010, at _____ , or as soon thereafter as counsel can be heard, in Courtroom _____ of the United States District Court for the District of New Jersey, located at 401 Market Street, Camden, New Jersey 08102-1568, Defendants shall SHOW CAUSE before the Hon. _____ why an order should not be entered under 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, preliminarily enjoining and restraining Defendants and any of their agents, servants, employees, attorneys, successors, assigns, and all others in privity and

acting in concert or participation with them during the pendency of this action, from committing any acts sct forth in Paragraph 1, subparagraphs (A) through (I), of this Order;

3.   IT IS FURTHER ORDERED that a hearing shall be held on the motion for preliminary injunction at the above-stated time;

4.   IT IS FURTHER ORDERED that: (a) failure to attend the show cause hearing shall result in the immediate issuance of the preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of this Temporary Restraining Order, and shall remain in full force and effect while this suit is pending, and which shall provide the same injunctive relief granted by this Temporary Restraining Order; and (b) any act or violation of any such terms may be considered as contempt by this Court;

5.   IT IS FURTHER ORDERED that any briefs, affidavits or other evidence in opposition to the Application for Order to Show Cause, if any, shall be filed with the clerk of the Court and served upon the attorneys for Plaintiff by delivering copies thereof to Plaintiff's counsel by hand on or before the close of business at 5:00 o'clock PM on the _____ day of _____, 2010;

6.   IT IS FURTHER ORDERED that Plaintiff's Motion for Expedited Discovery is GRANTED. Defendants shall respond to Plaintiff's First Set of Requests for Production of Documents that are served with this Order within five (5) days after

service of this Order. Defendant Gropper shall also appear for a deposition of Defendant upon five (5) days notice by Plaintiff. At any such deposition, or at such later date as Plaintiff shall designate after five (5) days prior notice, Defendant Gropper will provide to Plaintiff for inspection and copying all computer hard drives use by Defendants in the operation of any website under the domain names subject to Paragraph 1, subparagraphs (A) and (B) of this Order;

7. IT IS FURTHER ORDERED that Plaintiff must file a bond in the sum of $_____ as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully restrained or enjoined;

8.  IT IS FURTHER ORDERED that on two (2) days' notice to Plaintiff, Defendants may appear and move to dissolve or modify this Order; and

9.  IT IS FURTHER ORDERED that a copy of this Order, Verified Complaint, Brief and Summonses be served personally upon the Defendants forthwith.  In addition to personal service, service may be made by overnight delivery and/or email.


_____
Hon. United States District Judge